UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
In re                                                              :    Chapter 7
                                                                   :    Case No. 10-11637 (REG)
Y'S AMERICA, INC. f/k/a YOHJI                                      :
YAMAMOTO, U.S.A., INC. *et al*.                                    :
                                                                   :    (Jointly Administered)
                              Debtors.                             :    Case Nos. 10-11633 and 10-11634 (REG)
------------------------------- x
JOHN S. PEREIRA, as Chapter 7 Trustee for                          :
Y'S AMERICA, INC. f/k/a YOHJI                                      :
YAMAMOTO, U.S.A., INC.                                             :    Adv. Proc. No.  14-01765 (REG)
                                                                   :
                                                                   :
                              Plaintiff,                           :
                                                                   :
        vs.                                                        :
                                                                   :
                                                                   :
ODIN NEW YORK, LIMITED,                                            :
                                                                   :
                              Defendant.                           :
------------------------------- x

### PLAINTIFF'S APPLICATION FOR ENTRY OF
### DEFAULT FINAL JUDGMENT BY THE CLERK AGAINST DEFENDANT

John S. Pereira, as Chapter 7 trustee for the estate of Y's America, Inc. f/k/a Yohji Yamamoto, U.S.A, Inc. and the Plaintiff in the above-captioned adversary proceeding, by and through undersigned counsel, hereby moves this Court for the entry of a default final judgment against Defendant Odin New York, Limited (the "Defendant"), pursuant to Bankruptcy Rule 7055(b)(1), Fed. R. Civ. P. 55, and Local Rule 7055-2(a), and upon the accompanying Affirmation of John P. Campo in Support of Plaintiff's Application for Entry of Default Final Judgment By the Clerk Against Defendant.

### [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

21916612v3

Dated: New York, New York  **TROUTMAN SANDERS LLP**
      May 12, 2014

By:   *s/Brett D. Goodman*
     John P. Campo
     Brett D. Goodman
     The Chrysler Building
     405 Lexington Avenue
     New York, NY  10174
     Tel. No. (212) 704-6000

*Attorneys for Plaintiff*

21916612v3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
In re                                             :   Chapter 7
                                                  :   Case No. 10-11637 (REG)
Y'S AMERICA, INC. f/k/a YOHJI                     :
YAMAMOTO, U.S.A., INC. *et al*.                   :
                                                  :   (Jointly Administered)
                     Debtors.                     :   Case Nos. 10-11633 and 10-11634 (REG)
                                                  :
------------------------------------- x
JOHN S. PEREIRA, as Chapter 7 Trustee for         :
Y'S AMERICA, INC. f/k/a YOHJI                     :
YAMAMOTO, U.S.A., INC.                            :   Adv. Proc. No. 14-01765 (REG)
                                                  :
                                                  :
                     Plaintiff,                   :
                                                  :
                                                  :
     vs.                                          :
                                                  :
ODIN NEW YORK, LIMITED,                           :
                                                  :
                     Defendant.                   :
------------------------------------- x

**AFFIRMATION OF JOHN P. CAMPO IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT FINAL JUDGMENT
<u>BY THE CLERK AGAINST DEFENDANT</u>**

JOHN P. CAMPO, an attorney duly licensed to practice law before this Court, affirms under penalty of perjury:

1.     I am an attorney admitted to practice in the Courts of the State of New York, the U.S. Court of Appeals for the Second Circuit and the U.S. District Court for the Southern and Eastern Districts of New York, and I am a partner with the law firm Troutman Sanders, LLP ("Troutman"), with offices at The Chrysler Building, 405 Lexington Avenue, New York, N.Y. 10174.

2.     I submit this affirmation in support of Plaintiff's application for the entry of a default final judgment by the Clerk of the Court against Defendant Odin New York Limited (the

21916612v3

"Defendant"), pursuant to Rule 55 of the Fed. R. Civ. P., made applicable to this proceeding by Rule 7055(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7055-2(a) of the Local Bankruptcy Rules for the Southern District of New York.

3. Unless otherwise stated in this affirmation, I have personal knowledge of the facts hereinafter set forth based upon my representation of John S. Pereira, the Chapter 7 Trustee for the estate of Y's America, Inc. f/k/a Yohji Yamamoto, U.S.A., Inc. (the "Debtor")[1], and the Plaintiff in the above-captioned adversary proceeding (the "Plaintiff") in this action.

**This Action was Commenced to Compel Turnover of Property of the Debtor's Estate**

4. The Plaintiff commenced this adversary proceeding by filing a Complaint (the "Complaint") on January 17, 2014 against the Defendant, pursuant to, *inter alia*, Sections 502(d) and 542 of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code"), seeking to compel turnover of property of the Debtor's estate by the recovery of certain accounts receivables due and owing the Debtor's estate in the amount of $27,710.34 (the "Receivables"). See Complaint, a copy of which is attached hereto as Exhibit "A."

5. For the reasons stated herein, the Plaintiff is seeking a default judgment in the amount of the "sum certain" stated in the Complaint, or $27,710.34.

**Defendant was Properly Served With the Summons and Complaint**

6. On January 24, 2014, the Clerk issued a Summons and Notice of Pre-trial Conference (the "Summons") [Adv. Doc. No. 2].

7. As reflected in the Affidavit of Service, on January 27, 2014, the Summons and Complaint were served by U.S. Mail upon the Defendant [Adv Doc. No. 3].

---

[1] The Debtor's chapter 7 case has been jointly administered with the chapter 7 cases of Y's USA LLC f/k/a Y's America Retailing, LLC (Case No. 10-11633) and The Lease (USA), LLC (Case No. 10-11634), and the Plaintiff is the chapter 7 trustee for those affiliated debtors.

8. By virtue of its status as a corporate entity, the Defendant is neither a minor, incompetent, nor engaged in military service.

**Defendant Failed to Answer Or Otherwise Respond to the Complaint**

9. Pursuant to Bankruptcy Rule 7012(a), the Defendant's deadline to file an answer or otherwise respond to the Complaint was February 24, 2014 (the "Response Deadline"). No answer or other response to the Complaint has been filed or served on behalf of Defendant by, or since, the Response Deadline. Consequently, the Defendant is now in default.

**A Default Against the Defendant Was Duly Noted on the Record**

10. At the pre-trial conference held on March 20, 2014, the Plaintiff informed this Court of the Defendant's failure to answer or respond to the Complaint, and duly noted the Defendant's default on the record.

11. The Clerk of the Court issued a Certificate of Default against Defendant on April 17, 2014. A copy of the Certificate of Default is attached hereto as Exhibit "B" [Doc. No. 5].

12. Based on the foregoing, a Default Judgment by the Clerk against the Defendant and in favor of Plaintiff should be entered in the amount of $27,710.34, together with applicable interest, costs and disbursements. A proposed default final judgment is attached hereto as Exhibit "C."

I affirm that the foregoing is true and correct as to the best of my knowledge, information and belief.

Dated: May 12, 2014.

                                                                     *s/John P. Campo*
                                                                      John P. Campo

# EXHIBIT A

# COMPLAINT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
In re

Y'S AMERICA, INC. f/k/a YOHJI
YAMAMOTO, U.S.A., INC. *et al.*

                Debtors.

------------------------------------ x
JOHN S. PEREIRA, as Chapter 7 Trustee for
Y'S AMERICA, INC. f/k/a YOHJI
YAMAMOTO, U.S.A., INC.

                Plaintiff,

vs.

ODIN NEW YORK, LIMITED,

                Defendant.

------------------------------------ x

Chapter 7
Case No. 10-11637 (REG)

(Jointly Administered)
Case Nos. 10-11633 and 10-11634 (REG)

Adv. Proc. No. 14-01765 (REG)

**COMPLAINT**
**TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE**

John S. Pereira, as chapter 7 Trustee (the "Trustee" or "Plaintiff") for the estate of Y's America, Inc. f/k/a Yohji Yamamoto U.S.A., Inc. ("Y's America"), by and through his undersigned counsel, as and for his complaint against Odin New York, Limited (the "Defendant"), hereby alleges as follows:

**NATURE OF THE ACTION**

1.  This is an adversary proceeding commenced pursuant to Rules 3007, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 502 and 542 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), to recover certain accounts receivable due and owing to the estate of Y's America for certain

goods transferred by Y's America to the Defendant.

## THE PARTIES

2. On March 29, 2010 (the "Petition Date"), Y's America, Y's USA LLC f/k/a Y's America Retailing, LLC ("Y's USA"), and The Lease (USA), LLC ("Lease USA", together with Y's America and Y's USA, collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. On or about March 30, 2010, the Plaintiff was appointed as the chapter 7 Trustee of Lease USA, and on or about April 1, 2010, the Plaintiff was appointed for the estates of Y's America and Y's USA.

4. By an Order of the Court entered on March 8, 2011, the Debtors' chapter 7 cases were consolidated for procedural purposes and were thereafter administered under Case No. 10-11637 (REG) pursuant to Bankruptcy Rule 1015(b).

5. Y's America is a corporation created and organized under the laws of the State of Delaware, with its principal place of business located at 304 Hudson Street, Ste. 302, New York, New York 10013.

6. The Plaintiff is the duly appointed chapter 7 Trustee for the bankruptcy estates of the Debtors, with offices located at 405 Lexington Avenue, 7th Floor, New York, New York 10174.

7. Upon information and belief, the Defendant is a corporation with an office located at 30 Fifth Avenue, Suite 4H, New York, New York 10011.

8. Upon information and belief, the Defendant is in possession, custody or control of certain property of the estate of Y's America that was received prior to the Petition Date that must be turned over to the Plaintiff.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the parties and the subject of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

10. This action is a core proceeding with the meaning of 28 U.S.C. § 157(b)(2).

11. Venue of this action is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

12. Plaintiff agrees to the entry of a final order or judgment in this adversary proceeding.

13. The statutory predicates for the relief sought herein are section 542 and 502(d) of the Bankruptcy Code, and Bankruptcy Rules 3007, 7001 and 7008.

## FACTUAL ALLEGATIONS

14. Y's America was, *inter alia*, a wholesale manufacturer, distributer and marketer of a line of clothing and related goods.

15. As part of its business, the Defendant would order and purchase certain items from Y's America and Y's America would ship those items to the Defendant.

16. Y's America would invoice the Defendant for any amounts due on account of those items shipped by Y's America and purchased by the Defendant.

17. The Defendant became obligated to Y's America for certain invoices in the net amount of $27,710.34 (the "Receivables"). A list of the Receivables, including the dates and

amounts thereof, which aggregate in the net amount of $27,710.34, is set forth on <u>Exhibit A</u> hereto.

18. As of the Petition Date, Y's America's books and records reflect that the Defendant did not make any payments to Y's America on account of the Receivables.

19. Y's America is entitled to the Receivables in the form of cash.

**FIRST CLAIM FOR RELIEF**
**<u>(TURNOVER OF PROPERTY– 11 U.S.C. § 542)</u>**

20. Plaintiff repeats and realleges each and every allegation set forth paragraphs 1 through 19 as if fully set forth herein.

21. The Receivables represent sums owed by the Defendant to the Plaintiff as the Trustee for the estate of Y's America.

22. The Defendant is in possession, custody or control of the Receivables, which constitute (a) property that Plaintiff could otherwise use under section 363 of the Bankruptcy Code and/or (b) debts which are property of the estate of Y's America that are either matured, payable on demand, or payable on order.

23. The Defendant has not delivered or otherwise accounted for the Receivables.

24. The Receivables are not of inconsequential value to the estate of Y's America.

25. Pursuant to section 542 of the Bankruptcy Code, the Defendant must deliver cash in the amount of $27,710.34 to the Plaintiff and account for the Receivables or their equivalent value.

**SECOND CLAIM FOR RELIEF**
**<u>(DISALLOWANCE OF CLAIMS – 11 U.S.C. § 502(d))</u>**

26. The allegations set forth in paragraphs 1 through 25 are incorporated by reference as if fully set forth herein at length.

20281161v4

27. The Defendant is in possession, custody or control of the Receivables.

28. Pursuant to section 502(d) of the Bankruptcy Code, in the event the Receivables are recoverable under section 542 of the Bankruptcy Code, any claims of the Defendant against the Debtors (regardless of whether or not the claim(s) were assigned) must be disallowed unless the Defendant pays the amount of the Receivables.

**RESERVATION OF RIGHTS**

29. Plaintiff hereby specifically reserves his rights to amend this Complaint (a) to include further information regarding the Receivables; (b) to include any additional payments that are not identified herein; (c) to modify and/or revise the Defendant's name; (d) to name additional defendants, if any, in this action; and (e) to include any and all other causes of action that it may maintain against the Defendant, as well as any causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such additional amounts or further causes of action. If Plaintiff should make any of the described amendments (collectively, the "Amendments"), such Amendments shall relate back to this original Complaint.

**WHEREFORE,** the Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant, as follows:

(a) granting judgment in favor of Plaintiff and against the Defendant pursuant to section 542 of the Bankruptcy Code in the amount of not less than $27,710.34 on account of the Receivables, plus such other and further amounts as may be proven at trial;

(b) awarding Plaintiff pre-judgment and post-judgment interest, plus costs;

(c) disallowing any claim(s) of the Defendant against the Debtors (regardless of whether or not the claim(s) were assigned), pursuant to section 502(d) of the Bankruptcy Code, unless and until the amount of any judgment on account of the Receivables is paid in full to the

Plaintiff; and

    (d) granting the Plaintiff such other and further relief as the Court deems just, proper and equitable.

| | |
|---|---|
| Dated: New York, New York<br>      January 17, 2014 | **TROUTMAN SANDERS LLP**<br><br>By:   *s/Brett D. Goodman*<br>    John P. Campo<br>    Brett D. Goodman<br>    The Chrysler Building<br>    405 Lexington Avenue<br>    New York, New York 10174<br>    Tel: (212) 704-6000<br><br>*Special Counsel for Plaintiff* |

In re: Y's America, Inc. et al.
Case No. 10-11637, et al. (AJG)
(Jointly Administered)

**EXHIBIT "A"**
**TO COMPLAINT**

**RECEIVABLES**

| INVOICE DATE | INVOICE NO. | NAME OF DEFENDANT | DUE DATE | BALANCE DUE |
|---|---|---|---|---|
| 2/25/2009 | 247/4226 | ODIN NEW YORK LIMITED | 3/27/2009 | $ 17,218.00 |
| 2/27/2009 | 247/4260 | ODIN NEW YORK LIMITED | 3/29/2009 | $ 700.00 |
| 3/30/2009 | 247/4491 | ODIN NEW YORK LIMITED | 4/29/2009 | $ 6,338.80 |
| 3/30/2009 | 247/4500 | ODIN NEW YORK LIMITED | 4/29/2009 | $ 4,969.00 |
| 3/31/2009 | 247/4564 | ODIN NEW YORK LIMITED | 4/30/2009 | $ 4,887.20 |
| 4/16/2009 | 247/4628 | ODIN NEW YORK LIMITED | 5/16/2009 | $ 261.14 |
| 6/25/2009 | 247/4772 | ODIN NEW YORK LIMITED | N/A | $ (3,241.20) |
| 6/25/2009 | 247/4773 | ODIN NEW YORK LIMITED | N/A | $ (3,422.60) |
| | | | TOTAL: | $ 27,710.34 |

21663968_1.xlsx

# EXHIBIT B

# CERTIFICATE OF DEFAULT

21916612v3

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: Y's America, Inc.      Bankruptcy Case No.: 10–11637–reg

John S. Pereira as Chapter 7 Trustee for Y's America, Inc. f/k/a Yohji Yamamoto, U.S.A., Inc.

                    Plaintiff(s),

–against–      Adversary Proceeding No. 14–01765–reg

Odin New York, Limited

                    Defendant(s)

## ENTRY OF DEFAULT

It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law.

| Name: | Odin New York, Limited |
|---|---|

Therefore, default is entered against the defendant as authorized by Bankruptcy Rule 7055.

Dated: 4/17/14       Vito Genna

*Clerk of the Court*

By: /s/ Deirdra Cantrell

*Deputy Clerk*

# EXHIBIT C

# PROPOSED
# DEFAULT JUDGMENT
# BY THE CLERK

21916612v3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                                          :    Chapter 7
                                                               :    Case No. 10-11637 (REG)
Y'S AMERICA, INC. f/k/a YOHJI                                  :
YAMAMOTO, U.S.A., INC. *et al.*                                :    (Jointly Administered)
                                                               :    Case Nos. 10-11633 and 10-11634 (REG)
                    Debtors.                                   :
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN S. PEREIRA, as Chapter 7 Trustee for                      :
Y'S AMERICA, INC. f/k/a YOHJI                                  :
YAMAMOTO, U.S.A., INC.                                         :    Adv. Proc. No.  14-01765 (REG)
                                                               :
                    Plaintiff,                                 :
                                                               :
        vs.                                                    :
                                                               :
ODIN NEW YORK, LIMITED,                                        :
                                                               :
                    Defendant.                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFAULT JUDGMENT BY THE CLERK

**THIS MATTER** having been brought before this Court upon the application of John S. Pereira, as Chapter 7 Trustee for the estate of Y's America, Inc. f/k/a Yohji Yamamoto, U.S.A., Inc., and the Plaintiff in the above-captioned adversary proceeding (the "Plaintiff") for the entry of a default final judgment by the Clerk of the Court against Defendant Odin New York, Limited (the "Defendant"), and the time for answering the Complaint having expired; and the Defendant having failed to interpose an answer or otherwise respond to the Complaint; and it appearing that a default against the Defendant was duly noted at the pre-trial conference held before this Court on March 20, 2014 and by the Clerk on April 17, 2014, as a result of Defendant's failure to plead or otherwise defend in this action; and Plaintiff having provided notice of this application for Default Judgment by the Clerk upon the Defendant; and the Court having jurisdiction over the

21916612v3

subject matter of this proceeding and the parties hereto, a Default Judgment is entered against the Defendant in favor of the Plaintiff as follows:

1. Default Judgment is hereby entered in favor of the Plaintiff and against the Defendant in the amount of $27,710.34, together with all costs and disbursements pursuant to 28 U.S.C. § 1920;

2. This Default Judgment is final within the meaning of 28 U.S.C. §§ 157 and 158 and is effective immediately upon its entry;

3. The Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate this Default Judgment.

Dated: New York, New York
       May __, 2014

*PROPOSED*
CLERK OF THE BANKRUPTCY COURT

2

21916612v3